UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JENNIFER ROWLAND CROXTON, ET AL.** | **CASE NO. 3:24-CV-00953 (LEAD)** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MICHAEL SUTTERFIELD, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| | |
| **CHRISTOPHER CAGE, ET AL.** | (hereby consolidated with) |
| **VERSUS** | **CASE NO. 3:25-CV-00510** |
| **MICHAEL SUTTERFIELD, ET AL.** | |

### Memorandum Order

Before the undersigned Magistrate Judge, on reference from the district court, is a Motion to Consolidate [doc. #28] filed by Defendants Michael Sutterfield, Wayne Smith Trucking, Inc., and Travelers Property Casualty Company of America. The motion is opposed. [doc. #30]. For the reasons stated below, **IT IS ORDERED** that the Motion to Consolidate is **GRANTED**.[1]

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a).

## Background

On April 27, 2024, Michael Sutterfield ("Sutterfield") was driving a 2022 Peterbilt tractor-trailer owned by Wayne Smith Trucking, LLC ("WST"), heading North on US Highway 167. At approximately the same date and time, a Town of Dubach Police Officer Russell Raymond Croxton ("Officer Croxton") had parked his police unit in the right outside northbound lane of US Highway 167 while conducting a traffic stop of Christopher Cage ("Cage") for a minor traffic violation. Cage's vehicle was parked directly in front of Officer Croxton's police unit. Officer Croxton had exited his vehicle, but upon the conclusion of the traffic stop, he began to return to his police unit.

As he was approaching his police unit, Sutterfield, driving a fully loaded trailer containing 77,000 pounds of rolled paper struck Officer Croxton's police unit. The tractor-trailer then rotated clockwise causing the police unit to strike Officer Croxton and Cage's vehicle. Officer Croxton then fell to the ground as the tractor-trailer crashed over him. As a result, Officer Croxton traveled approximately thirty-five feet from the area of impact with Sutterfield's vehicle to his final resting position. Cage was temporarily trapped in his vehicle. Cage eventually freed himself and attempted to tend to Officer Croxton, who was pleading for help.

Officer Croxton was transported to Northern Louisiana Medical Center with life-threatening injuries, and, approximately forty-five minutes after impact, was pronounced deceased. As a result of his death, Jennifer Croxton, Officer Croxton's wife, and his two daughters, Heather Sullivant and Amanda Croxton, have suffered damages for loss of consortium, service and society, loss of enjoyment of life, and for Officer Croxton's wrongful death. Jennifer Croxton has also brought a survival action for the damages suffered by Officer Croxton prior to his death.

The collision caused severe bodily injuries to Cage and significant damage to Cage's vehicle. Christi Cage, Cage's wife, has suffered loss of consortium damages. As a direct result of having witnessed the suffering and death of Officer Croxton, Cage is expected to endure significant mental and psychological trauma.

On June 5, 2024, Jennifer Rowland Croxton, Heather Croxton Sullivant, and Amanda Larkin Croxton filed suit in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana, to recover damages resulting from this incident against Sutterfield, WST, and Travelers Property Casualty Company of America ("Travelers"). Defendants removed this action to this Court on the basis of diversity jurisdiction on July 17, 2024. On April 22, 2025, Cage and Christi Cage filed suit in this Court against Sutterfield, WST, and Travelers. *Croxton* was designated Civil Action Number 24-00953 and *Cage* was designated 25-00510. *Croxton* is assigned to Judge Jerry Edwards' docket while *Cage* is assigned to Judge Terry Doughty's docket.

In *Croxton*, a scheduling order was issued on October 2, 2024, setting trial for August 11, 2025, but the scheduling order was vacated when the undersigned ordered that the trial be continued. No scheduling order has issued in *Cage*. On June 12, 2025, the Court dismissed all claims by Cage and Christi Cage against Travelers without prejudice.

On May 29, 2025, Sutterfield, WST, and Travelers filed the instant Motion to Consolidate. [doc. #28]. Defendants argue that these two cases involve a number of common issues of law and fact. The trials of both *Croxton* and *Cage* will necessarily involve determinations regarding Defendants' alleged actions on the day of the accident and involve the same witnesses. Further, separate trials of these matters will create the risk of inconsistent adjudications of the numerous issues of law and fact common to both cases.

3

The *Cage* plaintiffs do not object to the consolidation, but the *Croxton* plaintiffs do. On June 12, 2025, the *Croxton* plaintiffs filed an opposition to the motion to consolidate. They argue that consolidation would unfairly prejudice them, delay adjudication, and confuse the trier of fact. *Croxton* is a wrongful death and survival action while *Cage* involves personal injury and emotional distress claims. Each claim entails separate elements of proof. *Cage* is at the initial pleading phase while *Croxton* is in the advanced stage of discovery with expert inspections complete.

On June 17, 2025, Defendants filed a reply in support of their motion. Defendants argue that both cases are tort suits to recover damages out of the common accident, and both cases are based upon Louisiana Civil Code article 2315. Further, the cases are not in different stages of litigation. While the *Croxton* plaintiffs filed suit earlier than the *Cage* plaintiffs, the criminal action pending against Sutterfield has limited the ability to do any meaningful discovery beyond written interrogatories and requests for production of documents. No depositions have been taken. Since Defendants have pled the affirmative defense of comparative fault, if these cases are tried separately, it could lead to inconsistent results.

Briefing is complete. Accordingly, the matter is ripe.

## **Law**

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(1)-(3). Rule 42(a) is permissive, and consolidation lies within the discretionary authority of the court. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013-14 (5th Cir. 1977) (citations omitted). "Rule

42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

> In weighing consolidation, courts consider numerous factors, including
>
> whether the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial.

*Varnado v. Leblanc*, No. 3:13-00348-JWD-EWD, 2016 WL 320146, at *2 (M.D. La. Jan. 25, 2016).

"[I]t is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Daybrook Fisheries, Inc. v. Am. Marine Const.*, No. CIV.A. 98-1438, 1998 WL 748586, at *2 (E.D. La. Oct. 19, 1998) (quoting 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 at 439 (2nd ed. 1995)). Consolidation is properly denied where suits are at different stages of preparation, the transactions forming the basis of the suits are entirely separate, or where consolidation would prejudice the rights of the parties involved. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985); *St. Bernard Gen. Hosp., Inc. v. Hos. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983).

In the end, however, "[f]ederal district courts have very broad discretion in deciding whether or not to consolidate." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) (citing 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 (1971)).

## Discussion

Applying the foregoing principles to the present facts, the Court initially observes that the two actions stem from the same underlying accident against the same defendants. They are pending before the same court, though assigned to different district judges. *See Texas Gen. Land Off. v. Biden*, No. 6:21-CV-00052, 2021 WL 5588160, at *2 (S.D. Tex. Nov. 29, 2021) ("Under the first factor, [c]ourts have interpreted same court as the same judicial district."); *see also Wharton v. U.S. Dep't of Hous. & Urb. Dev.*, No. 2:19-cv-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3, 2020) ("In the instant matter, the first factor is established. Though pending in different divisions, both cases are before the United States District Court for the Southern District of Texas."). While the *Croxton* parties have engaged in some discovery, the case is not meaningfully further along than *Cage*. In both, there is no scheduling order and no trial date set. As Defendants have pled comparative fault in both cases, separate trials could result in inconsistent outcomes. Finally, in the increasingly rare event that both plaintiffs actually proceed to trial,[2] the Court remains confident that the jury can differentiate between the plaintiffs and their respective damages claims.

In sum, upon application of the pertinent factors and consideration of the arguments of the parties, the Court, in the exercise of its broad discretion, is persuaded that the significant benefits of judicial economy and efficiency presented by consolidation outweigh the risk of prejudice to plaintiffs or jury confusion.[3]

---

[2] "The overwhelming majority of civil cases are resolved prior to trial . . ." *See* https://www.uscourts.gov/data-news/reports/handbooks-manuals/a-journalists-guide-federal-courts/covering-civil-cases-journalists-guide (last visited on 7/17/25).

[3] The undersigned would note that she is sympathetic to the Croxton Plaintiffs' desire to proceed expeditiously with their claims, given the loss of their spouse and father, and the on-going stress that litigation of any kind may bring. In that regard, their counsel has zealously pursued moving

Accordingly, **IT IS ORDERED** that the Motion to Consolidate [doc. #28] is **GRANTED**.

### Conclusion

For the above-stated reasons,

**IT IS ORDERED** that the Motion to Consolidate [doc. #28] filed by Defendants Michael Sutterfield, Wayne Smith Trucking, Inc., and Travelers Property Casualty Company of America is **GRANTED**, and that *Croxton, et al. v. Sutterfield, et al.*, Civ. Action No. 24-00953 (LEAD) and *Cage, et al. v. Sutterfield, et al.*, Civ. Action No. 25-00510 are hereby **CONSOLIDATED** for all further proceedings, including trial. The Clerk of Court is directed to docket this order in both cases.

In Chambers, at Monroe, Louisiana, on this 18th day of July, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

the case forward on their behalf, but the greater impediment to progress is not the consolidation of these cases, but the state court criminal prosecution over which this Court has no control.